**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| CITY OF BALTIMORE, *ex rel.* Ebony Thompson,<br><br>*Plaintiff*,<br>v.<br><br>KALSHIEX LLC, *et al*.,<br><br>*Defendants*. | Case No: 26-cv-3217<br><br>Hon. Adam B. Abelson |

**STIPULATION REGARDING BRIEFING**
**<u>SCHEDULE AND RESPONSIVE PLEADINGS</u>**

Plaintiff, the City of Baltimore (the "City"), and Defendants KalshiEX LLC, Kalshi Inc., and Coinbase Financial Markets, Inc. (collectively, "Defendants," and together with the City, the "Parties")[1], by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on August 13, 2026, the City filed its Complaint in the Circuit Court for Baltimore City, captioned *City of Baltimore, ex rel. Ebony Thompson v. KalshiEX LLC et al.*, Case No. C-24-CV-26-005532 (the "Action");

**WHEREAS**, on August 14, 2026, Defendants KalshiEX LLC and Kalshi Inc., removed the Action to the United States District Court for the District of Maryland, where it was assigned Case No. 26-cv-3217;

[1] Defendants Webull Corporation and Webull Financial LLC have not yet filed appearances in this action.

**WHEREAS,** the City filed its Motion to Remand in this Action on September 14, 2026 (the "Motion to Remand");

**WHEREAS,** there are three pending petitions for writs of certiorari presenting similar questions pertaining to federal preemption now docketed in the Supreme Court of the United States: *Flaherty v. KalshiEX, LLC*, No. 25-1922; *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187; and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 (collectively, the "Pending Certiorari Petitions");

**WHEREAS**, in *City of Baltimore v. DraftKings Inc., et al.*, No. 1:25-cv-01487-SAG (D. Md.), the United States District Court for the District of Maryland (Gallagher, J.) granted the City's motion to remand on *Burford* abstention grounds on November 10, 2025, ECF No. 48—one of the grounds for remand asserted by the City in this action—and defendants in *DraftKings* have appealed the remand order to the United States Court of Appeals for the Fourth Circuit, *City of Baltimore ex rel. Ebony Thompson v. DraftKings Inc., et al.*, No. 25-2372 (the "Fourth Circuit Appeal"), with oral argument tentatively scheduled for December 2026;

**WHEREAS**, the Parties have conferred and agree that, in the interest of judicial economy and the efficient management of this Action, all proceedings—including but not limited to briefing on the Motion to Remand and Defendants' deadlines to answer or otherwise respond to the operative complaint—should be temporarily stayed;

**WHEREAS**, the Parties agree that the proposed stay of proceedings through the Stay Expiration Date is without prejudice to any Party's right to move for additional or further stays of this Action or any proceedings herein, and without prejudice to any Party's right to move to lift the stay;

**NOW, THEREFORE**, subject to the approval of the Court, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

**1.** **Stay of Briefing on the Motion to Remand**. All proceedings—including but not limited to briefing on the Motion to Remand and Defendants' deadlines to answer or otherwise respond to the operative complaint—shall be stayed until the earlier of: (i) four (4) months from the date of the order granting this Stipulation; or (ii) the date on which the Supreme Court decides the last of the Pending Certiorari Petitions, whether by grant or denial of certiorari (the "Stay Expiration Date"). The period through the Stay Expiration Date is the "Stay Period." The Parties may, by mutual written agreement, and subject to the Court's approval, extend the Stay Period as appropriate.

**2.** **Post-Stay Briefing Schedule**. Within 7 days of the Stay Expiration Date, the Parties agree to either (i) submit a joint status report to the Court reflecting the Parties' agreement to further stay proceedings or (ii) absent such agreement, propose new deadlines for the continued briefing on the Motion to Remand and for responsive pleadings. Absent an agreement between the parties otherwise, Defendants shall have twenty-one (21) days from the Stay Expiration Date to file their opposition to the Motion to Remand, and the City shall have twenty-one (21) days from the filing of Defendants' opposition to file any reply.

**3.** **Deferral of Responsive Pleadings**. Defendants' deadlines to answer or otherwise respond to the operative complaint are deferred during the pendency of the Motion to Remand.

**4.** **No Waiver**. Nothing in this Stipulation shall be construed as a waiver of any claim, defense, or argument by any Party, including without limitation any jurisdictional defense, any defense based on service of process, or any argument concerning the propriety of removal or remand. By entering this Stipulation, no Defendant waives, and each Defendant expressly

preserves, all rights, defenses, and objections, including but not limited to those under Federal Rule of Civil Procedure 12. This Stipulation is entered into solely to effectuate the temporary stay described herein and shall not be cited or used as precedent in any other proceeding in this or any other action.

**IT IS SO STIPULATED.**

Dated: September 28, 2026

**BALTIMORE CITY LAW DEPARTMENT**
/s/ *Sara Gross*
Ebony M. Thompson, City Solicitor
Sara Gross
Thomas P.G. Webb
100 N. Holliday Street, Suite 101
Baltimore, MD 21202
ebony.thompson@baltimorecity.gov
sara.gross@baltimorecity.gov
tom.webb@baltimorecity.gov

Adam J. Levitt
Daniel R. Ferri*
Joseph Nelson*
Andrea Shang*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com
jnelson@dicellolevitt.com
ashang@dicellolevitt.com

**pro hac vice motions to be filed*

***Counsel for Plaintiff***

**MILBANK LLP**
/s/ *Katherine Kelly Fell*
Neal Kumar Katyal
Joshua B. Sterling (*pro hac vice*)
William E. Havemann
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586
nkatyal@milbank.com
jsterling@milbank.com
whavemann@milbank.com

Tawfiq Rangwala (*pro hac vice*)
Grant R. Mainland (*pro hac vice*)
Katherine Kelly Fell (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
Nicole D. Valente (*pro hac vice*)
55 Hudson Yards
New York, NY 10001-2163
Telephone: 212.530.5000
Facsimile: 212.530.5219
gmainland@milbank.com
kfell@milbank.com
trangwala@milbank.com
aporter@milbank.com
nvalente@milbank.com

***Counsel for Kalshi***

**GIBSON, DUNN & CRUTCHER LLP**
/s/ *Judson O. Littleton*
John W.F. Chesley (18494)
Judson O. Littleton (*pro hac vice*)
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel: 202.955.8500

jchesley@gibsondunn.com
jlittleton@gibsondunn.com

Jordan L. Estes (*pro hac vice*)
Trevor B. Gopnik (*pro hac vice*)
200 Park Avenue
New York, New York 10166-0193
Tel: 212.351.4000
jestes@gibsondunn.com
tgopnik@gibsondunn.com

***Counsel for Coinbase Financial Markets, Inc.***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| CITY OF BALTIMORE, *ex rel.* Ebony Thompson,<br><br>*Plaintiff*,<br>v.<br><br>KALSHIEX LLC, *et al*.,<br><br>*Defendants*. | Case No: 26-cv-3217<br><br>Hon. Adam B. Abelson |

**[PROPOSED] ORDER**

Upon consideration of the Parties' Stipulation Regarding Briefing Schedule and Responsive Pleadings, and good cause appearing therefor, it is hereby **ORDERED** that the Stipulation is **APPROVED**, and it is further **ORDERED** as follows:

1. All proceedings—including but not limited to briefing on Plaintiff's Motion to Remand and Defendants' deadlines to answer or otherwise respond to the operative complaint—are **STAYED** until the earlier of: (i) four (4) months from the date of the order granting this Stipulation by the Court; or (ii) the date on which the Supreme Court decides the last of the Pending Certiorari Petitions, whether by grant or denial of certiorari (the "Stay Expiration Date"). The period through the Stay Expiration Date is the "Stay Period." The Parties may, by mutual written agreement, and subject to the Court's approval, extend the Stay Period as appropriate.

2. Within 7 days of the Stay Expiration Date, the Parties agree to either (i) submit a joint status report to the Court reflecting the Parties' agreement to further stay proceedings or (ii) absent such agreement, propose new deadlines for the continued briefing on the Motion to Remand

and for responsive pleadings. Absent an agreement between the parties otherwise, Defendants shall have twenty-one (21) days from the Stay Expiration Date to file their opposition to the Motion to Remand, and the City shall have twenty-one (21) days from the filing of Defendants' opposition to file any reply;

3. Defendants' deadlines to answer or otherwise respond to the operative complaint are deferred during the pendency of the Motion to Remand; and

4. Nothing in this Order shall be construed as a waiver of any claim, defense, or argument by any Party, including without limitation any jurisdictional defense, any defense based on service of process, or any argument concerning the propriety of removal or remand. By entering into the Stipulation approved by this Order, no Defendant waives, and each Defendant expressly preserves, all rights, defenses, and objections, including but not limited to those under Federal Rule of Civil Procedure 12. This Order is entered solely to effectuate the temporary stay described herein and shall not be cited or used as precedent in any other proceeding in this or any other action.

**IT IS SO ORDERED.**

Dated: ____________________, 2026

______________________________________
Judge Adam B. Abelson
District Judge